UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv213-RJC
(3:07cr45-1-RJC)

| | |
|---|---|
| ANTHONY EUGENE BOYD, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Supplement in Support of § 2255 Petition. (Doc. No. 12).

Petitioner filed a § 2255 Motion setting forth several claims, including ineffective assistance of counsel. (Doc. No. 1). Respondent filed an Answer with an attached Affidavit from Petitioner's former attorney. (Doc. No. 6-1).

In the supplement, Petitioner attached a copy of an Opinion that was released in September 2010 by the American Bar Association's Standing Committee on Ethics and Professional Responsibility. (Doc. No. 12 at 3). The Opinion suggests that it is a violation of the ABA's rules on confidentiality for a defense attorney to unilaterally furnish any information about the former client's case to the prosecution in response to a claim of ineffective assistance made by that former client. Petitioner claims the Opinion is "extremely vital to maybe a violation" by the government and counsel.

Such a new claim must be considered under Rule 15 of the Rules of Civil Procedure which governs supplemental pleadings. A court may deny the addition of a claim based on futility. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Because Petitioner has not

shown any reason to believe that an alleged violation of the ABA's rules would amount to a constitutional violation cognizable under § 2255, the Court finds the new claim to be futile.

**IT IS, THEREFORE, ORDERED** that it Petitioner's Supplement (Doc. No. 12) to is **DENIED**.

Signed: September 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge