UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-213-RJC
(3:07-cr-45-RJC-1)

ANTHONY EUGENE BOYD,      )
          )
      Petitioner,      )
          )
      v.      )
          )      **ORDER**
UNITED STATES OF AMERICA,      )
          )
      Respondent.      )
_____)

**THIS MATTER** is before the Court on consideration of Petitioner's motions for relief from judgment. (Doc. Nos. 20, 22).

On August 10, 2007, Petitioner pled guilty pursuant to a plea agreement to one count of possession with intent to distribute marijuana, Ecstasy, cocaine, and cocaine base, and aiding and abetting the same, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 (Count One); and one count of possession of a firearm during and in relation to a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count Two). Petitioner was sentenced to a term of 195-months' imprisonment for conviction on Count One and a consecutive term of 60-months on Count Two for a total term of 255-months in prison. (Criminal Case No. 3:07-cr-45, Doc. No. 18: Judgment). Petitioner's judgment was affirmed on appeal. See United States v. Boyd, 332 F. App'x 890 (4th Cir. 2009), cert. denied, 558 U.S. 976 (2010).

On May 4, 2010, the Clerk docketed a pro se § 2255 Motion to Vacate that Petitioner filed in an effort to challenge his criminal judgment. After considering the arguments presented,

and the Government's response thereto, the Court found Petitioner's claims were without merit and the § 2255 Motion was denied and dismissed. See Boyd v. United States, No. 3:10-cv-213-RJC (W.D.N.C. Mar. 22, 2013). The Fourth Circuit dismissed his appeal from this Order in a per curiam opinion. See United States v. Boyd, 540 F. App'x 174 (4th Cir. 2013) (unpublished), cert. denied, 123 S. Ct. 1775 (2014).

There is no pending action in this Court from which Petitioner could seek relief from judgment because Petitioner's appeal from this Court's Order, which dismissed his § 2255 motion, has been dismissed by the Fourth Circuit and the Supreme Court has denied further review.[1]

**IT IS, THEREFORE, ORDERED** that Petitioner's motions for relief from judgment are **DENIED**. (Doc. Nos. 20 & 26).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[1] In his second motion for relief from judgment, Petitioner again challenges his designation as a career offender. This argument is foreclosed by the Fourth Circuit's recent opinion in United States v. Foote __ F.3d __, 2015 WL 1883538 (4th Cir. Apr. 27, 2015).

**IT IS SO ORDERED.**

Signed: June 3, 2015

Robert J. Conrad, Jr.
United States District Judge